CC TO JUDGE ES

FILED ___ ENTERED
LODGED ___ RECEIVED

AUG 02 2005  ES

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BLUE AUDIO, INC., a Washington corporation,

    Plaintiff,

vs.

VOICE COURIER U.S., INC., an Illinois corporation; VOICE COURIER MOBILE, INC., a Canadian corporation; and FIRST MEDIA GROUP INC., a Canadian corporation,

    Defendant.

NO. **CV5 1344** C

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECLARATORY RELIEF

05-CV-01344-CMP

BLUE AUDIO, INC., a Washington corporation, hereby alleges for its complaint against VOICE COURIER U.S., INC., an Illinois corporation ("VCI"), VOICE COURIER MOBILE, INC., a Canadian corporation ("VCM"), and FIRST MEDIA GROUP INC., a Canadian corporation ("FMG"), upon personal information as to its own activities, and upon information and belief as to the activities of others, as follows:

## I. NATURE OF THIS ACTION

1.1.  Plaintiff BLUE AUDIO, INC. ("Blue Audio") lawfully and in good faith applied to register the trademark THE HOOK UP (U.S. Serial Nos. 78464663 and 78464655; separate applications for entertainment and dating services filed August 9,

COMPLAINT - 1

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

ORIGINAL

1  2004). Blue Audio has used THE HOOK UP℠ (the "Mark") lawfully and in good faith
2  in interstate commerce for entertainment and dating services since May 1, 2003.
3      1.2.    Defendants have unlawfully used the confusingly similar service mark
4  MOBILE HOOKUP℠ in violation of Blue Audio's senior rights in and to the Mark.
5      1.3.    Defendant VCM has filed an application with the United States Patent and
6  Trademark Office ("PTO") to register the service mark MOBILE HOOKUP (U.S. Serial
7  No. 78418502, intent-to-use application for "dating services" filed May 13, 2004).
8      1.4.    Defendant FMG has filed an application with the PTO to register the
9  service mark MOBILE HOOKUP TXT.TALK.DATE as a design mark (U.S. Serial No.
10 78418521, intent-to-use application for "dating services" filed May 13, 2004).
11     1.5.    Plaintiff brings this action because it suffers substantial damages arising out
12 of Defendants' infringement of Plaintiff's trademark THE HOOK UP℠ and Defendants'
13 unfair business practices associated therewith. Defendants' conduct was and is calculated
14 to cause injury to Plaintiff in Washington.
15     1.6.    Plaintiff also brings this action for a declaratory judgment that Defendants'
16 alleged service marks MOBILE HOOKUP and MOBILE HOOKUP TXT.TALK.DATE may not
17 be registered with the PTO because of the likelihood of confusion with Plaintiff's senior
18 service mark, THE HOOK UP℠.

## II. PARTIES

20     2.1.    Plaintiff BLUE AUDIO, INC. is a Washington corporation with its
21 principal place of business in Seattle, Washington.
22     2.2.    Defendant VOICE COURIER U.S., INC. is an Illinois corporation with its
23 principal place of business in Chicago, Illinois. On information and belief, VOICE
24 COURIER U.S., INC. is a subsidiary of VOICE COURIER MOBILE, INC.
25     2.3.    Defendant VOICE COURIER MOBILE., INC. is a Canadian corporation
26 with its principal place of business in Toronto, Ontario, Canada.
27     2.4.    Defendant FIRST MEDIA GROUP INC. is a Canadian corporation with its
28 principal place of business in Toronto, Ontario, Canada.

COMPLAINT - 2

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

2.5. Defendants acted in concert and co-conspired with each other to commit the wrongful acts alleged herein.

### III. JURISDICTION AND VENUE

3.1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the lawsuit involves claims arising under 15 U.S.C. § 1125(a) and 28 U.S.C. § 2201.

3.2. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because (i) there is complete diversity of citizenship between the Plaintiff and Defendants, and (ii) the amount in controversy exceeds $75,000.

3.3. This Court has personal jurisdiction over Defendants pursuant to the Washington state long arm statue, WASH. REV. CODE § 4.28.185(1)(b). Service of process against the defendants outside of the state of Washington is proper pursuant to WASH. REV. CODE § 4.28.185(2).

3.4. Venue for this action is proper under 28 U.S.C. § 1391 in the United States District Court for the Western District of Washington at Seattle because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims alleged herein occurred, and because Defendants are subject to personal jurisdiction in this judicial district.

### IV. FACTS

A. BLUE AUDIO, INC.

4.1. Blue Audio provides telephone chat, dating, and voice messaging services to consumers. It offers consumers telephone lines that allow people to interact by a conference call. Blue Audio also offers social voice mail services, whereby its customers may leave messages on a system for other customers.

4.2. Blue Audio offers its services to consumers in interstate and foreign commerce.

COMPLAINT - 3

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

B.  **PLAINTIFF'S TRADEMARK USE**

4.3. Blue Audio has used the mark THE HOOK UP[SM] since at least May 1, 2003 for entertainment and dating services.

4.4. On August 9, 2004, Blue Audio filed two applications to register THE HOOK UP[SM] with the United States Patent and Trademark Office – an application for "dating services" (U.S. Serial No. 78464655) and another one for "entertainment services, namely, providing teleconference and voice mail capabilities for individuals to engage in one on one or group conversations, messaging, social introduction and interaction with other individuals" (U.S. Serial No. 78464663).

C.  **DEFENDANTS' INFRINGING USE OF PLAINTIFF'S SERVICE MARK**

4.5. Defendants are direct competitors of Plaintiff. Defendants provide a variety of dating and telecommunications services to the same type of customers who purchase Plaintiff's services.

4.6. Defendants offer their services to U.S. residents, including but not limited to residents of the state of Washington.

4.7. Defendants have infringed Plaintiff's valuable service mark THE HOOK UP[SM] (the "Mark") by offering services to consumers under MOBILE HOOKUP and MOBILE HOOKUP TXT.TALK.DATE (the "Infringing Marks"), two service marks confusingly similar to Plaintiff's Mark, which Plaintiff has used for nearly two years in connection with identical dating services.

4.8. Defendants' website located at <mobilehookup.net> and <mobilehook-up.com> (the "Infringing Website") prominently feature the Infringing Marks in connection with services identical or substantially similar to those offered by Plaintiff.

4.9. Defendants first began using the Infringing Marks well after May 1, 2003 (the date Plaintiff first used the Mark in interstate commerce).

4.10. On information and belief, Defendants have committed numerous acts of trademark infringement through their use of the Infringing Marks, including but not limited to Defendants' infringing use of those marks on the Infringing Website.

COMPLAINT - 4

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

4.11. Defendants' use of the Infringing Marks is likely to cause, and actually causes, confusion among consumers regarding the source and quality of Defendants' services. Because consumers associate the Mark THE HOOK UP[SM] with Plaintiff, Defendants' use of the confusingly similar Infringing Marks causes consumers to believe that Plaintiff is the source of dating services offered by Defendants. Accordingly, Defendants are unfairly diverting business away from Plaintiff.

### D. VCM'S APPLICATION TO REGISTER MOBILE HOOKUP

4.12. Defendant VCM has filed an application with the PTO to register MOBILE HOOKUP.

4.13. Plaintiff's prior use of the Mark, THE HOOK UP[SM], for dating services identical to those Defendants are offering under their infringing MOBILE HOOKUP mark, precludes Defendant VCM from registering the Infringing Mark with the PTO in connection with dating services because of the likelihood of consumer confusion use of MOBILE HOOKUP causes with THE HOOK UP[SM].

4.14. Accordingly, Plaintiff seeks a declaratory judgment that Defendants' MOBILE HOOKUP mark may not be registered on either the Principal Register or Supplemental Register of the PTO because of the likelihood of confusion between the Infringing Mark and Plaintiff's Mark.

### E. FMG'S APPLICATION TO REGISTER MOBILE HOOKUP TXT.TALK.DATE

4.15. Defendant FMG has filed an application with the PTO to register MOBILE HOOKUP TXT.TALK.DATE, a design mark. FMG's application for MOBILE HOOKUP TXT.TALK.DATE provides the mark "consists of the words 'mobile hookup' are in block letters with five bubbles or circles of various sizes above the words 'mobile hookup' and the words 'txt.talk.date' are in smaller block letters below the words 'mobile hookup'".

4.16. Plaintiff's prior use of the Mark, THE HOOK UP[SM], for dating services identical to those Defendants are offering under their infringing MOBILE HOOKUP TXT.TALK.DATE mark, precludes Defendant FMG from registering the Infringing Mark with the PTO in connection with dating services because of the likelihood of consumer

COMPLAINT - 5

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

confusion use of MOBILE HOOKUP TXT.TALK.DATE causes with THE HOOK UP℠.

4.17. Accordingly, Plaintiff seeks a declaratory judgment that Defendants' MOBILE HOOKUP TXT.TALK.DATE mark may not be registered on either the Principal Register or Supplemental Register of the PTO because of the likelihood of confusion between the Infringing Mark and Plaintiff's Mark.

## V. FIRST CAUSE OF ACTION:
## LANHAM ACT § 43(a), FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125 (a)
### (Against All Defendants)

5.1. Plaintiff incorporates the allegations set forth in paragraphs 1.1 through 4.17 above as though fully set forth herein.

5.2. Defendants' use of the Infringing Marks is misleading to consumers, and is likely to cause confusion or mistake, or to deceive as to i) the affiliation, connection, or association of Defendants with Plaintiff and ii) the origin, sponsorship, or approval of Defendants' dating services and other commercial activities.

5.3. As a result of Defendants' conduct, Plaintiff has suffered damages to its reputation and goodwill, and unless Defendants are restrained and enjoined, Plaintiff will continue to suffer damages from Defendants' conduct.

## VI. SECOND CAUSE OF ACTION:
## COMMON LAW UNFAIR COMPETITION
### (Against All Defendants)

6.1. Plaintiff incorporates the allegations set forth in paragraphs 1.1 through 5.3 above as though fully set forth herein.

6.2. Defendants engaged in the use of the Infringing Marks for the purpose of deceiving the public.

6.3. Defendants are Plaintiff's business rivals.

6.4. Defendants' unfair use of the Infringing Marks falsely induced the purchase of Defendants' services and thereby obtained for Defendants the benefits properly belonging to Plaintiff, Defendants' competitor.

6.5. Defendants have, through their unfair competitive practices, induced the

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

public to believe that the services Defendants offer for sale are the services of Plaintiff.

6.6. Consequently, Defendants have thereby appropriated to themselves the value of the reputation which Plaintiff acquired for its own services.

6.7. Defendants' conduct as alleged herein constitutes unfair competition against Plaintiff.

6.8. As a result of Defendants' unfair competition, Plaintiff has suffered, and unless said conduct is restrained and enjoined will continue to suffer, damages to its business, including loss of revenue, customers, and goodwill.

## VII. THIRD CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### (Against All Defendants)

7.1. Plaintiff incorporates the allegations set forth in paragraphs 1.1 through 6.8 above as though fully set forth herein.

7.2. Plaintiff has valid contractual relationships or business expectancies with the consumers who purchase its services.

7.3. By way of example, Plaintiff has valid contractual relationships with the consumers who purchase its telephone chat, voice messaging, and other dating services.

7.4. Defendants knew of these relationships or business expectancies between Plaintiff and its customers.

7.5. Through their improper use of the Infringing Marks, Defendants intentionally interfered with said relationships or business expectancies by inducing or causing breaches or terminations of those relationships or business expectancies.

7.6. Defendants' interference was for an improper purpose, namely, unfairly stealing customers from Plaintiff.

7.7. Defendants used improper means to cause said interference, namely, the unfair use of the Infringing Marks to divert Plaintiff's customers from Plaintiff to Defendants.

7.8. Defendant's interference with Plaintiff's relationships or business expectancies caused Plaintiff to suffer damages.

COMPLAINT - 7

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

7.9. Those damages include loss of customers, revenue, and goodwill.

## VIII. FOURTH CAUSE OF ACTION:
## VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT
## RCW § 19.86.010
### (Against All Defendants)

8.1. Plaintiff incorporates the allegations set forth in paragraphs 1.1 through 7.9 above as though fully set forth herein.

8.2. Defendants committed unfair and deceptive acts.

8.3. Specifically, Defendants used the Infringing Marks to divert Plaintiff's customers unfairly from Plaintiff to Defendants, and for the purpose of defrauding consumers into believing that Defendants' services are really Plaintiff's services.

8.4. Defendants' acts are unfair because Defendants have misappropriated, and continues to misappropriate, Plaintiff's customers via the unfair use of the Infringing Marks.

8.5. Defendants' acts are deceptive because consumers are deceived by those acts.

8.6. Defendants' unfair and deceptive acts occurred in the conduct of trade or commerce.

8.7. Defendants' unfair and deceptive acts have an impact on the public interest.

8.8. Defendants' unfair and deceptive acts caused Plaintiff injuries.

## IX. FIFTH CAUSE OF ACTION:
## DECLARATORY RELIEF
### (Against Defendant VCM)

9.1. Plaintiff incorporates the allegations set forth in paragraphs 1.1 through 8.8 above as though fully set forth herein.

9.2. A justiciable substantial controversy exists between Plaintiffs and Defendant VCM over whether VCM's purported service mark, MOBILE HOOKUP, is confusingly similar to Plaintiff's Mark, THE HOOK UP and infringes on Plaintiff's Mark.

9.3. However, VCM's alleged rights in MOBILE HOOKUP are junior to

COMPLAINT - 8

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

1  Plaintiff's rights in THE HOOK UP<sup>SM</sup>.

2    9.4.   Plaintiff and Defendant VCM have existing and genuine rights or interests
3  upon which this Court's judgment may effectively operate with the force and effect of a
4  final judgment at law or decree in equity upon the legal relationships of the parties.

5    9.5.   This proceeding is genuinely adversary in character between Plaintiff and
6  Defendant VCM.

7    9.6.   A declaration by the Court would terminate the controversy between
8  Plaintiff and Defendant VCM.

9    9.7.   The parties need the Court to settle and to afford relief from uncertainty and
10 insecurity with respect to rights, status and other legal relations among them.

11   9.8.   This substantial controversy is of sufficient immediacy and reality to
12 warrant the issuance of a declaratory judgment.

13   9.9.   This Court has the power to declare the rights, status and other legal
14 relations between the parties pursuant to 28 U.S.C. §2201, *et seq.*

15   9.10.  Accordingly, Plaintiffs request that the Court issue a judgment declaring
16 that Defendant VCM is barred from the use and registration of MOBILE HOOKUP by
17 Plaintiff's senior rights in and to THE HOOK UP<sup>SM</sup>.

### X. SIXTH CAUSE OF ACTION: DECLARATORY RELIEF
### (Against Defendant FMG)

20   10.1.  Plaintiff incorporates the allegations set forth in paragraphs 1.1 through
21 9.10 above as though fully set forth herein.

22   10.2.  A justiciable substantial controversy exists between Plaintiffs and
23 Defendant FMG over whether FMG's purported service mark, MOBILE HOOKUP
24 TXT.TALK.DATE, is confusingly similar to Plaintiff's Mark, THE HOOK UP and infringes on
25 Plaintiff's Mark.

26   10.3.  However, FMG's alleged rights in MOBILE HOOKUP TXT.TALK.DATE are
27 junior to Plaintiff's rights in THE HOOK UP<sup>SM</sup>.

28   10.4.  Plaintiff and Defendant FMG have existing and genuine rights or interests

COMPLAINT - 9

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

1  upon which this Court's judgment may effectively operate with the force and effect of a
2  final judgment at law or decree in equity upon the legal relationships of the parties.
3      10.5.    This proceeding is genuinely adversary in character between Plaintiff and
4  Defendant FMG.
5      10.6.    A declaration by the Court would terminate the controversy between
6  Plaintiff and Defendant FMG.
7      10.7.    The parties need the Court to settle and to afford relief from uncertainty and
8  insecurity with respect to rights, status and other legal relations among them.
9      10.8.    This substantial controversy is of sufficient immediacy and reality to
10 warrant the issuance of a declaratory judgment.
11     10.9.    *This Court has the power to declare the rights, status and other legal*
12 *relations between the parties pursuant to 28 U.S.C. §2201, et seq.*
13     10.10.    Accordingly, Plaintiffs request that the Court issue a judgment declaring
14 that Defendant FMG is barred from the use and registration of MOBILE HOOKUP
15 TXT.TALK.DATE by Plaintiff's senior rights in and to THE HOOK UP[SM].
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT - 10

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

## XI. RELIEF REQUESTED

WHEREFORE, Plaintiff BLUE AUDIO, INC. prays for the following relief:

1. <u>Compensatory Damages in Amount of Lost Revenue</u>. That Defendants be required to pay damages to Plaintiff in the amount of Plaintiff's lost revenue arising out of Defendants' unlawful conduct as alleged herein.

2. <u>Compensatory Damages in Amount of Lost Goodwill</u>. That Defendants be required to pay damages to Plaintiff in an amount equal in value to Plaintiff's lost goodwill and reputation as a result of Defendants' unlawful conduct as alleged herein.

3. <u>Compensatory Damages in Amount of Defendants' Gain</u>. That Defendants be required to pay damages to Plaintiff in the amount of all revenue Defendants has generated from the unlawful conduct alleged herein.

4. <u>Injunction</u>. That, pursuant to 15 U.S.C. § 1116 and RCW § 19.86.090, the Court issue a preliminary and permanent injunction restraining and enjoining Defendants, and their employees, agents, and affiliates, from the use of any marks confusingly similar to THE HOOKUP℠, including but not limited to MOBILE HOOKUP and MOBILE HOOKUP TXT.TALK.DATE.

5. <u>Declaratory Judgment of No Trademark Rights in MOBILE HOOKUP</u>. That the Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that Defendant VCM is barred from the use and registration of MOBILE HOOKUP by Plaintiff's senior rights in and to THE HOOK UP℠.

5. <u>Declaratory Judgment of No Trademark Rights in MOBILE HOOKUP TXT.TALK.DATE</u>. That the Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that Defendant FMG is barred from the use and registration of MOBILE HOOKUP TXT.TALK.DATE by Plaintiff's senior rights in and to THE HOOK UP℠.

6. <u>Costs</u>. That the Court award costs of this action to Plaintiff pursuant to 15 U.S.C. § 1117(a) and RCW § 19.86.090.

7. <u>Attorneys' Fees</u>. That the Court award Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and RCW § 19.86.090.

COMPLAINT - 11

8. <u>Treble Damages</u>. That the Court award Plaintiff three times the amount of *its actual damages* pursuant to RCW § 19.86.090.

9. <u>Other Equitable Relief</u>. That the Court grant such other and further relief to Plaintiff as the Court shall deem just and equitable.

DATED this 2nd day of August, 2005.

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

By: *[signature]*

Derek A. Newman, WSBA No. 26967
Randall Moeller, WSBA No. 21094

505 Fifth Avenue, Suite 610
Seattle, Washington 98104
(206) 274-2800 phone
(206) 274-2801 fax

Attorneys for Plaintiff
BLUE AUDIO, INC.

COMPLAINT - 12

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801